UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL CARPENTER                                CIVIL ACTION

VERSUS                                           NO. 15-705

MADERE & SONS TOWING, LLC                        SECTION "E"(2)

## ORDER AND REASONS ON MOTION

This is a personal injury case for damages under the Jones Act and general maritime law.  Plaintiff's Motion for Sanctions, Record Doc. No. 13, is pending before me. Defendant filed a timely opposition memorandum, and plaintiff was granted leave to reply. Record Doc. Nos. 22, 23-25.  At the request of plaintiff's counsel, oral argument was conducted on November 18, 2015.  At that time, I concluded that the court had not received information sufficient to determine this matter with finality, and that one final opportunity should be afforded the parties to resolve their dispute without court action.  I deferred plaintiff's motion, provided counsel with an opportunity to resolve the matter between themselves, but ordered counsel to file supplemental memoranda if they could not agree on a resolution, which they have done.  Record Doc. Nos. 27, 30, 38.  Having considered the record, the written submissions of the parties, the applicable law, the representations of counsel at oral argument and their failure amicably to resolve the matter at the post-argument informal conference, **IT IS ORDERED** that plaintiff's motion is GRANTED IN PART AND DENIED IN PART as follows.

Plaintiff's complaints center on defendant's failure timely to supplement its initial disclosures and/or to respond to plaintiff's Requests for Production Nos. 1, 2, 3, 4 and 10, followed by defendant's delay in the actual production of five pieces of evidence: (1) the accident report concerning the subject incident prepared by defendant in the ordinary course of its business; (2) plaintiff's own recorded 54-page statement concerning the incident; (3) the recorded statement of witness Ronald Taylor; (4) the recorded statement of witness Patrick Fitzgerald; and (5) videotape footage of plaintiff's accident that had been recorded by a fixed video camera on a fuel dock operated in the ordinary course of business by John W. Stone Oil Distributor, L.L.C., which at the time of the subject  disclosures, discovery requests and responses in this lawsuit was a non-party business with no involvement in this matter.[1]

On May 22, 2015, plaintiff received defendant's initial disclosures.  They included none of the above-listed materials.  On June 4, 2015, plaintiff served defendant with interrogatories and requests for production of documents.  The deadline by which defendant was required to provide plaintiff with written responses and/or objections was July 6, 2015.  Fed. R. Civ. P. 34(b)(2)(A).  In Requests for Production Nos. 1, 2, 3, 4 and 10, plaintiff specifically sought production of the above-listed materials.  Plaintiff's Exh. 3, Record Doc. No. 13-6 at pp. 1-3.  Defendant did not respond timely; did not obtain a stipulation extending the time to respond, Fed. R. Civ. P. 29; and did not seek a court order extending

---

[1] Defendant's motion for leave to file a third-party complaint adding Stone Oil as a party was granted by order entered on January 12, 2016.  Record Doc. Nos. 32, 46, 47.

the deadline.  At that point, defendant had waived all objections to plaintiff's discovery requests.  See Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Ofc. of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004).

Defendant's waiver of any objections to plaintiff's requests for production was compounded when defense counsel served untimely written responses to the requests for production.  In that late response, defense counsel asserted the previously waived privilege and work product objections, but failed to provide the privilege log that must accompany such objections, as required by Fed. R. Civ. P. 26(b)(5).  Plaintiff's Exh. 5, Record Doc. No. 13-8 at pp. 7-8, 10.  When a party fails to comply with the Rule 26(b)(5) requirement to provide a privilege log, courts have found that all assertions of privilege or other protections against the requested discovery have been waived.  E.g., Burlington N. & Santa Fe Ry. v. U.S. Dist. Court, 408 F.3d 1142, 1149-50 (9th Cir. 2005); Pensacola Firefighters' Relief Pension Fund v. Merrill Lynch Pierce Fenner & Smith, Inc., 265 F.R.D. 589, 592-94

& n.1 (N.D. Fla. 2010); <u>Lee v. State Farm Mut. Auto. Ins. Co.</u>, 249 F.R.D. 662, 683 (D. Colo. 2008); <u>Lugosch v. Congel</u>, 219 F.R.D. 220, 239 (N.D.N.Y. 2003); <u>Bordonaro v. Union Carbide Corp.</u>, No. 93-3355, 1995 WL 234545, at *2 (E.D. La. Apr. 20, 1995); <u>see also</u> <u>Haid v. Wal-Mart Stores, Inc.</u>, No. 99-4186-RDR, 2001 WL 964102, at *2 (D. Kan. June 25, 2001) ("As plainly indicated by Rule 26(b)(5), the question whether materials are privileged is for the court, not the [party asserting the privilege], to decide, and the court has a right to insist on being presented with sufficient information to make that decision.").

Defense counsel's excuse for this failure timely to respond and/or object to plaintiff's discovery requests was his own negligence. "Counsel for [defendant] . . . ultimately determined that [plaintiff's] discovery had been received and <u>no response deadline for the discovery had been calendared</u>." Defendant's Opposition Memorandum, Record Doc. No. 22 at p. 2 (emphasis added).

On or about September 13, 2015,[2] counsel for defendant obtained from Stone Oil its videotape footage of plaintiff's accident that had been recorded by a fixed video surveillance camera on the Stone Oil dock in the ordinary course of its business. On the morning of October 13, 2015, mere minutes before plaintiff's deposition was scheduled to begin, defense counsel produced to plaintiff the accident report and plaintiff's own statement. However, the Stone Oil surveillance video of the accident was <u>not</u> produced,

---

[2]Defense counsel stated at oral argument that he did <u>not</u> know the exact date on which the videotape was obtained. However, he did know that it was about 30 days <u>before</u> plaintiff's deposition, and more than two months <u>after</u> defendant should have provided its response to plaintiff's specific request for production of the videotape.

nor was plaintiff advised that defense counsel had obtained the video 30 days earlier.  The deposition was taken as scheduled.  Six days <u>after</u> plaintiff's deposition, on October 19, 2015, defendant provided its written responses to plaintiff's discovery requests.  As noted above, the responses to Requests Nos. 1, 2, 3, 4 and 10 contained objections on work product and privilege grounds, but defendant did <u>not</u> provide a privilege log, identifying any responsive materials being withheld on those grounds, thus violating Fed. R. Civ. P. 26(b)(5).

On October 20, 2015, witness Ronald Taylor was scheduled to be deposed.  Just before the deposition, counsel for defendant delivered to plaintiff's counsel the videotape footage from the Stone Oil fuel dock and the recorded statements of Taylor and another witness, Patrick Fitzgerald.

When plaintiff's counsel expressed dismay and surprise in response to this delayed production, defense counsel presented a colloquy stating in part:

> [I]n the course of realizing that there was that statement and knowing that I had taken two other statements, and believing they were work product and also that we have the video, I made the decision to go ahead and turn over things that I didn't think I was required to turn over, and I still don't believe I'm required to turn over, . . . and that would include the videotape from apparently a security camera at the Stone fuel dock.
>
> Now that video is equally available to either of us or to both of us.  Not either of us, but both of us.  And your client had as much understanding about that dock as I do. . . .  It occurred to me to try and find out if there was a videotape and there was a videotape.  And I don't think I'm obligated to produce that.
>
> It is part of my trial preparation. It is part of my work product that I developed. . . . I made a decision to go ahead and give you everything I had,

whether it is work product or not, whether I have a good argument it is work product or not . . . . And I thought that that was important for me to do it, so I did it.

. . . .  I don't believe I have an obligation to turn over matters that are work product. . . . I turned over everything today and I don't think you've been prejudiced in the slightest by that. But that's neither nor there. That's for someone else to determine when you file your motion.

Record Doc. No. 22 at p. 5.  Pretermitting for the moment the complete legal fallacy presented by this view of what constitutes protected trial preparation material and/or work product, the Federal Rules of Civil Procedure describe this kind of reasoning by defense counsel as an (2) "Unacceptable Excuse for Failing to Act."  Fed. R. Civ. P. 37(d)(2) (emphasis added).  Specifically, "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Id. (emphasis added).

Plaintiff seeks two kinds of sanctions in this motion:  (1) "reasonable expenses and attorney's fees," and (2) an order to "prohibit Defendant from alleging any sole and/or contributory negligence of Complainant as a defense."  Record Doc. No. 13 at p. 1.  The stated basis for this request is Fed. R. Civ. P. 37(c)(1), which provides in pertinent part:

(1) Failure to Disclose or Supplement.  If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
    . . . . and

(C) may impose <u>other appropriate sanctions</u>, including any of the orders <u>listed in Rule 37(b)</u>(2)(A)(i)-(vi).

(Emphasis added).

Thus, when plaintiff seeks a sanction precluding the affirmative defense of contributory negligence or comparative fault, which defendant has pled as its "Third Defense," Defendant's Answer, Record Doc. No. 6 at p. 3, he seeks a Rule 37(b)(2) order "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; . . . [or] (iii) striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i) and (iii).

The severe, claim-dispositive sanction sought in this motion is unwarranted under the circumstances presented by this case. Specifically, the dispositive and draconian remedy of dismissal of an affirmative defense as a sanction is reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving stubborn resistance to authority by failure to comply with multiple court orders. <u>Doe v. Am. Airlines</u>, 283 F. App'x 289, 291 (5th Cir. 2008); <u>Davis v. Auto Club Family Ins. Co.</u>, No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing <u>Fed. Deposit Ins. Corp. v. Conner</u>, 20 F.3d 1376, 1381 (5th Cir. 1994); <u>Equal Emp't Opportunity Comm'n v. Gen. Dynamics Corp.</u>, 999 F.2d 113, 119 (5th Cir. 1993); <u>Batson v. Neal Spelce Assocs., Inc.</u>, 765 F.2d 511, 515 (5th Cir. 1985)). "[I]t is not a party's negligence–regardless of how careless, inconsiderate, or understandably exasperating–that makes conduct contumacious; instead it is the <u>stubborn resistance to authority</u> which

- 7 -

justifies a dismissal with prejudice" of a claim or affirmative defense.  Brown v. Oil States

Skagit Smatco, 664 F.3d 71, 77 (5th Cir. 2011) (quoting McNeal v. Papasan, 842 F.2d 787,

792 (5th Cir. 1988)) (internal quotation omitted).

     Because the requested severe sanction would deprive defendant of the opportunity

to pursue an affirmative defense that might eliminate or restrict its liability, it is an

appropriate sanction only where the misconduct fits the egregiousness standard noted

above, when "lesser sanctions would not serve the best interests of justice" and "when the

objectionable conduct is that of the client, and not the attorney."  Id. (quotations omitted)

(emphasis added).

     In this case, no such continuing, contumacious conduct, particularly not by

defendant itself, reflecting stubborn resistance to authority has been established.  No court

discovery order has been violated.  It is defense counsel – not defendant itself – who are

responsible for the breach of discovery obligations at issue here.  Under these

circumstances, the severe sanction of striking defendants' comparative fault defense is

unduly harsh and would unjustly denigrate the search for truth.

     Plaintiff argues that defense counsel's improper discovery and disclosure conduct

"was specifically intended to prejudice Complainant by preventing counsel for

Complainant from effectively representing his client and by giving counsel for Defendant

an unjust advantage in cross examining Complainant regarding evidence Complainant was

not given the opportunity to review before his deposition."  Supplemental Memorandum

in Support of Complainant's Motion for Sanctions, Record Doc. No. 25 at p. 6.  I do not

attribute this kind of malevolent intent to defense counsel.  The transcript of plaintiff's deposition, and plaintiff's counsel's statements during oral argument, indicate that no such advantage actually occurred.  Plaintiff's counsel has conceded that he "does not wish to take any further (case preparation) action, such as redoing any discovery or redeposing any witnesses."  Second Supplemental Memorandum in Support of Complainant's Motion for Sanctions, Record Doc. No. 30 at p. 3.  Thus, the motion is denied insofar as it seeks the dispositive sanction of striking an affirmative defense.

On the other hand, the motion is granted insofar as it seeks an award of expenses incurred as a result of defense counsel's conduct.  It was inconceivable and legally frivolous for defense counsel to assert that the surveillance videotape that counsel obtained from the third party, Stone Oil, is protected work product.  I attribute this conduct not to contumacy or underhandedness but to defense counsel's clearly evident lack of knowledge or familiarity about this aspect of the law.  Rule 26(b)(3) defines work product as "documents and tangible things that are prepared in anticipation of litigation or for trial by or for" a party or its representative–not things that are collected from a third party with no relationship to the parties and that reflect no "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3) (emphasis added).  To establish work product protection, the proponent must show that "the primary motivating purpose behind the creation of the document was to aid in possible future litigation" involving that party.  Udoewa v. Plus4

Credit Union, 457 F. App'x 391, 393 (5th Cir. 2012) (quotation and citation omitted) (emphasis added).

Surveillance videotape of an accident scene taken in the ordinary course of business, even if created by a party, does not become work product merely because the party's counsel directed that the videotape be preserved.  Holbourn v. NCL (Bahamas) Ltd., 305 F.R.D. 685, 687-88 (S.D. Fla. Sept. 26, 2014); Sowell v. Target Corp., No. 5:14-CV-93-RS-GRJ, 2014 WL 2208058, at *2 (N.D. Fla. May 28, 2014); Schulte v. NCL (Bahamas) Ltd., No. 10-23265-CIV, 2011 WL 256542, at *2 (S.D. Fla. Jan. 25, 2011); Inferrera v. Wal-Mart Stores, Inc., No. 11-5675 RMB/JS, 2011 WL 6372340, at *2 (D.N.J. Dec. 20, 2011).  When even a party's own routinely taken and preserved videotape is not work product, it was absurd for defense counsel to assert that a non-party's routinely taken surveillance videotape made in the ordinary course of its business can be the protected work product of a party or a lawyer who had nothing to do with its preparation, especially when any such objection had also been waived by the failure timely to assert it either in a written response under Rule 34(b) or in a motion for protective order under Fed. R. Civ. P. 26(c), made applicable in Fed. R. Civ. P. 37(d)(2).

Defendant appears to argue that the Stone Oil fuel dock videotape is its counsel's work product because its attorney suspected that Stone Oil might have a videotape, inquired about it, learned that the videotape existed and then acquired it.  However, this is clearly not the type of attorney thought process that the work product doctrine protects.

> Where an attorney's mental impressions are those that a layman would have as well as a lawyer in these particular circumstances, and in no way reveal anything worthy of the description "legal theory," those impressions are not opinion work product.
>
> Where it appears that the focus or framework provided by counsel is obvious or non-legal in nature, it is incumbent upon the party claiming opinion work product protection to explain specifically how disclosure would reveal the attorney's legal impressions and thought processes.

F.T.C. v. Boehringer Ingelheim Pharm., Inc., 778 F.3d 142, 153 (D.C. Cir. 2015), petition for cert. filed, 84 U.S.L.W. 3259 (U.S. Oct. 2, 2015) (No. 15-560) (quotation and citation omitted). Defendant has not explained (and could not conceivably explain) how disclosure of this third-party videotape would reveal its attorney's legal impressions and thought processes. I have reviewed the videotape and it depicts nothing that could conceivably be characterized as an attorney's core work product.

The citation by defendant's counsel to The Restatement (Third) of Law Governing Lawyers for the proposition that work product includes "[t]angible materials . . . prepared, collected and[/]or assembled by a lawyer," Record Doc. No. 22 at p. 7 (emphasis in memo), is equally absurd under these circumstances. Fed. R. Civ. P. 26(b)(3) applies in this federal court, not The Restatement (Third) of Law Governing Lawyers. Rule 26(b)(3) clearly provides that work product protection applies **only** to documents and tangible things that are **"prepared"** by a lawyer or a party's other representative, not things that are "collected."

Defense counsel's unjustified delay in producing, or even timely acknowledging that they possessed, plaintiff's own statement, the accident report and the statements of the two

non-party witnesses are equally troubling, when plaintiff had specifically requested their production. As discussed above, an accident report made in the ordinary course of business with no evidence that the primary motiving purpose of its creation was trial preparation or anticipation of litigation is <u>not</u> protected from discovery. Like the surveillance video discussed above, there is no indication that the accident report, which defendant also delayed in producing, was anything other than a non-privileged, non-work product document created and maintained in the ordinary course of defendant's business.

As to plaintiff's recorded statement, a party to a lawsuit is entitled to immediate receipt of his own statement upon request, Fed. R. Civ. P. 26(b)(3)(C), unless the opposing party obtains a protective order under Fed. R. Civ. P. 26(c). As I have previously explained, "The requirement that a party's statement be produced upon request is 'mandatory, not discretionary.' . . . [T]he court has some latitude in determining the time when the statement must be produced," but it is <u>the court</u> (<u>not</u> an opposing party or its lawyer) that "<u>may</u> permit, for example, the party's deposition to be taken first.'" <u>Vinet v. F&L Marine Mgmt., Inc.</u>, 2004 WL 3312007, at *1-2 (E.D. La. Apr. 29, 2004) (quoting <u>Miles v. M/V Miss. Queen</u>, 753 F.2d 1349, 1352 (5th Cir. 1985) (Rubin, J.)). Defendant in the instant case made no attempt to obtain a protective order to delay production of plaintiff's statement or any of these other materials.

Unlike the third-party surveillance video, the accident report and plaintiff's own statement, the recorded statements of the two third-party witnesses may have been subject to at least an arguable position that they were work product, <u>if counsel had not waived the</u>

- 12 -

argument.   However, defense counsel was <u>not</u> empowered simply to make that determination on his own without timely disclosing the existence of the statements in response to specific Rule 34 requests for production clearly seeking them.  "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:  (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed" in a privilege log.  Fed. R. Civ. P. 26(b)(5)(A).

I accept as true the statements contained in the reply memorandum that defense "counsel is now well aware of the mistakes made with regards to its discovery obligations" and that "[t]he lessons and messages given by this Honorable Court during the hearing at the Motion for Sanctions and during the informal conference have been heard and learned." Defendant's Reply Memorandum, Record Doc. No. 38 at p. 2.  Yet, the foregoing legal principles are so fundamental, so basic to the rudimentary working knowledge of procedural law that this court expects from its practitioners, that no special lessons or messages should have been required to make counsel aware of the applicable law "now" as opposed to years ago.

Plaintiff's counsel was fully justified in bringing the conduct of defense counsel to the court's attention.  Otherwise, the court has no way of addressing and correcting this kind of conduct and defense counsel may have thought themselves free to conduct themselves in this way without consequence.  The time and expense reasonably incurred

by plaintiff's counsel is therefore compensable.  Accordingly, the motion is granted in part

insofar as it seeks a monetary award of expenses, including attorneys' fees.

The lodestar method is routinely used to determine attorney's fee awards in federal

civil actions.  Under the lodestar method,

> [t]he determination of a fees award is a two-step process.  First the court
> calculates the "lodestar[,]" which is equal to the number of hours reasonably
> expended multiplied by the prevailing hourly rate in the community for
> similar work.   The court should exclude all time that is excessive,
> duplicative, or inadequately documented.  Once the lodestar amount is
> calculated, the court can adjust it based on the twelve factors set forth in
> Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.
> 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87
> (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).[3]

In this instance, plaintiff seeks to recover attorneys' fees totaling $4,000.00,

representing (a) five (5) hours of time at a rate of $400 per hour spent by a lawyer with 31

years of experience, and (b) ten (10) hours of time at a rate of $200 per hour spent by a

lawyer with a little more than one year of experience.  Plaintiff's Second Supplemental

Memorandum, Record Doc. No. 30 at p. 3.  An attorney's requested hourly rate is prima

facie reasonable when he requests that the lodestar be computed at his customary billing

rate, the rate is within the range of prevailing market rates, and the rate is not contested.

---

[3]The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the
issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other
employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the
time limitations imposed by the client or circumstances; (8) the amount involved and results obtained;
(9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the
nature and length of the professional relationship with the client; and (12) the award in similar cases.
Johnson, 488 F.2d at 717-19.

La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995).  Plaintiff's lead counsel has stated in his supporting affidavit that his firm does not customarily bill by the hour, working instead exclusively on contingency fee contracts. Record Doc. No. 30-2 at p. 1.  Nevertheless, defendant does not contest either the number of hours or the hourly rates for which compensation is sought, and my independent review of the evidence submitted by plaintiff confirms that the requested rates, while at the top end of the fee range, are within prevailing market rates.  I also find that the work described in plaintiff's supporting evidence was reasonably and necessarily incurred as a result of defendant's unreasonable and dilatory discovery and disclosure conduct and that the full $4,000.00 should be compensated.

When a court awards fees or expenses in connection with a motion of this type for violation of the applicable discovery and disclosure rules, it may do so against "the disobedient party, the attorney advising that party, or both."  Fed. R. Civ. P. 37(b)(2)(C). In this instance, there is no indication that defendant itself was involved in or even knowledgeable in any way about the misconduct of its former counsel.[4]  Instead, the misconduct is attributable wholly to defense counsel's violation of the applicable rules.  For all of the foregoing reasons,

**IT IS ORDERED** that the law firm of Preis PLC (formerly known as Preis & Roy, PLC), Edward F. Kohnke, IV and Daryl J. Daigle are hereby jointly and severally liable for

---

[4]The record indicates that defense counsel responsible for this discovery misconduct were recently permitted to withdraw from this matter.  Record Doc. Nos. 39, 42.

and must pay, no later than **January 27, 2016**, to Michael Carpenter and the Discon Law

Firm the sum of $4,000.00 in reasonable attorneys' fees incurred as a result of defense

counsel's violation of their discovery and disclosure obligations in this case.

New Orleans, Louisiana, this _____13th_____ day of January, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
Edward F. Kohnke, IV and Daryl J. Daigle
Preis PLC
Pan American Life Center
601 Poydras St., Suite 1700
New Orleans, LA 70130